## C. & E. ROLLING *v.* F. DE BORDENAVE & Co.

A general and special power of attorney given by a wife to her husband, from whom she is separated in property, is not sufficient to authorize him to bind her as a member of a commercial partnership, where it does not appear that she was ever a public merchant, or interested in any commercial house, nor that she ever took any part whatever in the concern for whose liabilities it is sought to make her responsible.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
C. *Dufour*, for plaintiff. *Budd & Lambert*, for defendants and appellants.

DUFFEL, J. One of the defendants, *Louise Decuers*, who is separated in property from her husband, *Louis Decuers*, has appealed from the judgment rendered in this cause against her, as one of the parties composing the commercial firm of *F. de Bordenave & Co.*, on the ground that she is not, in fact, a member of said firm.

ROLLING
*v.*
BORDENAVE.

It appears that the defendant, who resides in the parish of St. James, gave, on the 12th of October, 1858, a general and special power of attorney to her husband, and that the latter, by virtue of said power, entered, on the 11th of January, 1859, into a commercial partnership with the other defendants, to carry on the business of factors and grocers in the city of New Orleans. It further appears, that shortly after, the 14th of February of the same year, a card, bearing the names of all the partners, was published in the *Courier* newspaper of this city, announcing the dissolution of the partnership.

The power of attorney does not contemplate, expressly or by implication, the formation of a commercial association; for it does not appear that the appellant was ever a public merchant, or interested in any commercial house; nor is it in evidence that she ever signed the card above mentioned, or took any part whatever in the concern.

From the foregoing facts of the case, we are constrained to say that the agent exceeded his powers, and that his principal is not responsible. C. C. 2966, 2965; *Reynolds et al.* v. *Rowley et al.*, 4 An. 396; *Grove* v. *Harvey*, 12 Rob. 221; *Miller* v. *The New Orleans Canal and Banking Company*, 8 Rob. 236.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be, as to the appellant, *Louise Decuers*, reversed, and that ours be in her favor, with costs in both courts.